## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SUGARLOAF APARTMENTS-
PATRICIAN LLC
d/b/a QUINN SUGARLOAF,

      Plaintiff,

v.

JAQUISE RESHANNON JONES,

      Defendant.

CIVIL ACTION FILE
NO. 1:26-CV-03223-AT-JEM

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Pending before the Court is Defendant's pro se application to proceed *in forma pauperis* ("IFP"), (Doc. 1), and notice of removal, (Doc. 1-1). For the following reasons, the Court **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia for lack of subject matter jurisdiction. Defendant's IFP application, (Doc. 1), is **GRANTED** for remand purposes only.[1]

---

[1] The Court retains jurisdiction over matters involving filing fees and other costs even when the Court lacks jurisdiction over the underlying dispute. 28 U.S.C. § 1919. And under this Court's Local Rules, there is no filed "case" to remand until a fee waiver is granted or a filing fee is tendered. LR 3.2(B), NDGa ("Pleadings received by the clerk for filing with the filing fee not attached shall be marked 'received', but they shall not be filed. The clerk will notify counsel and/or the parties that the pleadings are being held and that they will not be filed until the filing fee is received or an order is issued allowing the pleadings to

## I.    <u>DISCUSSION</u>

A defendant may remove a civil action filed in state court to the federal district court located in the district and division embracing that state court when the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also* 28 U.S.C. § 1446 (procedure for removal). A district court has original jurisdiction based either on a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Additionally, in limited circumstances, a defendant may remove a case based on civil rights violations under 28 U.S.C. §§ 1343, 1357, and 1443; joinder of federal and state law claims under § 1441(c); and multiparty, multiforum jurisdiction under § 1441(e).

The removing party must establish the grounds for subject matter jurisdiction over the removed case. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). But a federal court is obligated to inquire into whether it has subject matter jurisdiction *sua sponte* whenever it may be lacking, and it should do so at the "earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410; *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises[.]"). "'If at any time before final judgment it appears that the district court

---

be filed *in forma pauperis*"). *See also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court").

lacks subject matter jurisdiction, [then] the case shall be remanded' to the state court [] whence it came." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting 28 U.S.C. § 1447(c)). This is so even when other motions are pending before the court. *Id.* at 411 (collecting cases in support of its holding that subject matter jurisdiction must be addressed before reaching the merits of any other issue). Federal courts are further directed to construe removal statutes strictly, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

Here, on or about May 12, 2026, Plaintiff filed a dispossessory action against Defendant in the Magistrate Court of Gwinnett County, Georgia for the property located at 3203 Woodiron Drive, Duluth, Georgia 30097 (the "premises"). (Doc. 1-1 at 6.) Defendant now seeks to remove that action on the basis that it violates 42 U.S.C. §§ 3604, 3617, 1983, and 12101, (*id.* at 2-3), and on the basis that this Court has jurisdiction over the case under 28 U.S.C. §§ 1331 and 1367, (*id.*). Given Defendant's pro se status, the Court will examine all alleged grounds for jurisdiction.

### A.    Federal Question Jurisdiction

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction exists "'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (alteration in original) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). The removing party cannot create federal question jurisdiction based on "an anticipated or actual federal defense." *Jefferson Cnty.,*

*Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). Likewise, a removing party cannot create federal question jurisdiction based on "an actual or anticipated counterclaim." *Vaden*, 556 U.S. at 60. The removing party bears the burden of proving that a federal question exists. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Here, there is no indication that Plaintiff's dispossessory action is based on anything more than a state law claim for possession of the premises. (Doc. 1-1 at 8); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.) (holding that a dispossessory action did not fall under federal jurisdiction because it was "exclusively a matter of state law"). Thus, the dispossessory action does not present a federal question. To the extent Defendant attempts to remove this case based on his asserted defenses that the dispossessory action violated federal law, he cannot do so. *Acker*, 527 U.S. at 430-31; *Ervast*, 346 F.3d at 1012. Accordingly, § 1331 does not grant the Court original jurisdiction over this case, and the case is therefore not removable based on federal question jurisdiction.

### B.    Supplemental Jurisdiction

Under § 1367, "in any civil action of which the district courts have *original jurisdiction*, the district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a) (emphasis added). As previously explained, this Court does not have original jurisdiction over the state dispossessory action, rendering the question of exercising supplemental jurisdiction moot. Even if Defendant had attempted to bring this state dispossessory action into federal court by filing a separate lawsuit over which the Court did have original jurisdiction, this Court would nevertheless decline to exercise supplemental jurisdiction over the dispossessory action. *See, e.g., Bermudez v. United States Bank Nat'l Ass'n*, No. 1:18-cv-05018-SCJ-AJB, 2019 U.S. Dist. LEXIS 183630, at *14-15 (N.D. Ga. June 23, 2019) (declining to exercise supplemental jurisdiction over dispossessory action where homeowner filed a separate federal court complaint seeking declaratory relief on claims related to same property).

## II.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia for lack of subject matter jurisdiction. Defendant's IFP application, (Doc. 1), is **GRANTED** for remand purposes only. The Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned Magistrate Judge.

**SO RECOMMENDED, ORDERED, and DIRECTED** June 12, 2026.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE

5